IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD TARN, | : | CIVIL ACTION NO. **3:CV-13-1247** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| ICE, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. BACKGROUND.

On May 7, 2013, Plaintiff Edward Tarn, an inmate at Pike County Correctional Facility ("PCCF") located in Lords Valley, Pennsylvania, filed, *pro se*, this instant *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331, as well as civil rights action under 42 U.S.C. §1983. (Doc. 1). Plaintiff's form Complaint consists of three (3) hand-written pages. (*Id.*). Also, on May 7, 2013, Plaintiff filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 2). The Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 and 1343(a)(3). We will now screen Plaintiff's Complaint in accordance with § 1915 of the PLRA.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls, in part, within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action, in part, because Plaintiff alleges a federal official employed by ICE is violating his constitutional rights. *See Oriakhi v. Wood,* 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay,* 2009 WL 1956282 (M.D. Pa.).
　　This case is also a §1983 civil rights action, since Plaintiff alleges agencies acting under color of state law deprived him of his constitutional rights. *See Parratt v. Taylor,* 451 U.S. 527 (1981); *Kost v. Kozakiewicz,* 1 F. 3d 176, 184 (3d Cir. 1993).

## II. STANDARDS OF REVIEW.

### A. *PLRA*

The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B. *BIVENS STANDARD*

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law,

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

2

deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

## C. SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to

3

satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability in a civil rights action, both under *Bivens* and under §1983, cannot be imposed upon an official (state and federal) based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode*, 845 F.2d at 1208.

In screening a Complaint under the PLRA, the Court uses the same standard that it uses to determine a Rule 12(b)(6) Motion to Dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579,

588 (W.D. Pa. 2008).

### D. MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See *Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler*, 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to

the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III. COMPLAINT ALLEGATIONS.

In his Complaint filed on May 7, 2013, Plaintiff Tarn alleges that the Defendants, namely, the Immigration and Customs Enforcement ("ICE"), Matthew Bahztura, Deportation Officer at PCCF, Prime Care, Inc., and PCCF, have violated his Eighth Amendment right to proper medical care. (Doc. 1, p. 2). Plaintiff does not state that if Defendant Bahztura is being sued individually and in his official capacity.[3] (*Id.*).

Plaintiff alleges that he is being held in ICE detention at PCCF. Plaintiff states that Defendant Prime Care is the company contracted by both PCCF and ICE to provide health care to inmates. Plaintiff avers that he advised Defendant Matthew Bahztura, his ICE Deportation Officer who appears to be assigned at PCCF for ICE's detainees confined there, about his health issues and that Bahztura ignored his issues for the past seven (7) months. Plaintiff also avers that he informed Defendant PCCF about his health issues "but they give no attention to my complains (sic)." Plaintiff states that Defendant Prime Care has "remain in denial about the facts concerning my health situation" and that the "doctor told me there is nothing she can do to solve my health problems." (*Id.*, p. 2). Further, Plaintiff alleges that the nurses at PCCF told him that ICE has to make the decision as to any medical treatment he receives.

---

[3]We directed the Clerk of Court to add Bahztura as a Defendant on the docket sheet since it was clear Plaintiff named his ICE deportation officer as a Defendant.

As relief in his Complaint, Plaintiff requests injunctive relief for this Court to order Defendants ICE and PCCF to provide him with medical care and to order these Defendants to have him examined by an outside speciality doctor. Plaintiff also requests the Court to order Defendants to allow him to get surgery for his hernia and, to find out what medical conditions he has which causes his "slow urine flow" and "the blood ... that comes through [his] penis." (*Id.*, p. 3). Further, Plaintiff wants the Court to direct Defendants to "find out or verify why [he] feel[s] the push at [his] anus whenever [he] push[es] for fast urine flow." (*Id.*).

Plaintiff does not request monetary damages against Defendants. Plaintiff raises a denial of proper medical care claim against Defendants. It is not clear if Plaintiff is essentially a pre-trial detainee waiting to be removed from the United States by ICE or a convicted person serving a sentence before he can be removed.[4] However, Plaintiff states that he is in the custody of ICE at PCCF and that his deportation officer, Defendant Bahztura, has ignored his medical needs for seven months despite the fact that he informed Bahztura of his health issues and that PCCF cannot provide him with care absent ICE's approval.

---

[4] If Plaintiff is a convicted inmate at the time his claim occurred serving a prison sentence, Plaintiff's denial of proper medical care claim is covered by the Eighth Amendment, not by the Fourteenth Amendment. The Fourteenth Amendment applies only to pre-trial detainees alleging denial of proper medical care and claims of cruel and unusual punishment, while convicted inmates are afforded protection from cruel and unusual punishment under the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. See *Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010)(court stated that if the inmate is a pre-trial detainee, his cruel and unusual punishment claim falls under the Fourteenth Amendment, but the Eighth Amendment standard is utilized); *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) (citing *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 43-45, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983)).

Plaintiff indicates that exhausted his administrative remedies at PCCF with respect to his instant claim.[5]

## IV. DISCUSSION.

   *1.   Defendant ICE*

Insofar as Plaintiff is suing Defendant ICE, an agency of the United States, for violations of his constitutional rights, *i.e.*, denial of proper medical care, the law is clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies." *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted). As such, we will recommend that Defendant ICE be dismissed with prejudice based on the doctrine of sovereign immunity. *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08)(citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

The Court in *Johnson* stated:

> An action brought against federal agencies, or federal employees in their official capacities, is effectively an action against the United States. *Ky v.*

---

[5]It is well-settled that the Plaintiff must exhaust all of his available administrative remedies with respect to each one of his claims prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

> *Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is well settled that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell*, 445 U.S. at 538.
>
> First, regarding Johnson's constitutional claims against the Federal Defendants, Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Graham*, 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, *Jennette v. Holsey*, No. 06-874, 2006 WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States*, No. 86-2712, 1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. *Davis v. U.S. DOJ*, 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir.1999); *Biase v. Kaplan*, 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill*, No. 87-456, 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).
>
> Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *FDIC*, 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

2010 WL 2991409, *2-*3.

Thus, we will recommend that Defendant ICE be dismissed with prejudice. Based on the above, we find futility in allowing Plaintiff to amend his constitutional claims against Defendant ICE. *See FDIC v. Meyer, supra.*

2. *Defendant PCCF*

Plaintiffs name PCCF as a Defendant. A civil rights action cannot be maintained against

PCCF because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion*, 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'").

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on well-settled law, we will recommend that Defendant PCCF be dismissed from this case with prejudice since we find futility in allowing Plaintiff to amend his constitutional claim against this county prison Defendant.

3. *Defendant Prime Care Medical, Inc.*

We do not find that Plaintiff has stated a constitutional claim against Defendant Prime Care Medical, Inc., under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because Defendant Prime Care Medical was seemingly contracted to provide medical care to unmates at PCCF, the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009). Thus, even if

10

Defendant Prime Care Medical is a private corporation which contracted with Pike County to service the medical needs of inmates confined at PCCF, we find that Plaintiff has not properly stated an Eighth Amendment denial of proper medical care claim under *Monell* against this Defendant. Defendant Prime Care Medical cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[6] Rather, Defendant Prime Care Medical "[is] subject to liability [in a civil rights action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

> In *Mangus*, the Court stated:
>
> With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Prime Care Medical. Plaintiff does not make any allegations as described above against Defendant Prime Care Medical, Inc., necessary to make it subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Prime Care Medical caused any alleged conduct of any individual by having

---

[6]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights. Thus, we will recommend that Defendant Prime Care Medical be dismissed without prejudice as we do not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim against this Defendant. See *Grayson, supra*.

4. *Defendant Bahztura*

We find that Plaintiff has sufficiently stated an Eighth Amendment denial of proper medical care claim as against Defendant Bahztura. In *Carpenter Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11), the Court stated:

> To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir.1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (1990); *Monmouth County Corr. Inst. Inmates v. Lensario*, 834 F.2d 326, 346 (3d Cir.1987).

As detailed above, we find that Plaintiff has sufficiently alleged the personal involvement of Defendant Bahztura with respect to his denial of medical care claim. As such, we will recommend that Plaintiff be allowed to proceed with his Complaint as against Defendant

12

Bahztura since Plaintiff alleged that this Defendant was personally involved with regard to his Eighth Amendment denial of medical care claim.

V.  **RECOMMENDATION.**

Based on the foregoing, we respectfully recommend that the Court:

1. **DISMISS WITH PREJUDICE** Defendant ICE.

2. **DISMISS WITH PREJUDICE** Defendant PCCF.

3. **DISMISS WITHOUT PREJUDICE** Defendant Prime Care Medical, Inc.

4. **ALLOW PLAINTIFF TO PROCEED** Plaintiff's Eighth Amendment denial of medical care claim as against only Defendant Bahztura.

5. **REMAND** this case to the undersigned for further proceedings.

**THOMAS M. BLEWITT**
United States Magistrate Judge

Dated: May 15, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD TARN, | : | CIVIL ACTION NO. **3:CV-13-1247** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| ICE, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated May 15, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

14

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge


Dated: May 5, 2013