UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD TARN,
    Plaintiff,

v.

ICE, et al.,
    Defendants.

CIVIL ACTION NO. 3:CV13-1247

(Judge Kosik)

FILED
SCRANTON
AUG 28 2013

PER _____ DEPUTY CLERK

## MEMORANDUM

**I. Background**

Edward G. Tarn, an inmate confined at the Pike County Correctional Facility, Pennsylvania, filed the instant civil rights action on May 7, 2013. Named as Defendants are Matthew Bahztura, Deportation Officer, Immigration and Customs Enforcement ("ICE"), Prime Care, Inc. and Pike County Correctional Facility. In the complaint, Plaintiff alleges that Defendants have violated his Eighth Amendment right to proper medical care. A Report and Recommendation of Magistrate Judge Thomas M. Blewitt filed on May 15, 2013 (Doc. 5) is pending. Currently before the court is Plaintiff's second request to appoint counsel (Doc. 12).

On May 15, 2013, the Magistrate Judge issued a Report and Recommendation (Doc. 5) wherein he screened Plaintiff's complaint pursuant to 28 U.S.C. §1915 and recommended that we dismiss with prejudice Defendants ICE and the Pike County Correctional Facility, dismiss without prejudice Defendant Prime Care Medical, Inc., and allow Plaintiff to proceed on his Eighth Amendment denial of medical care claim against Defendant Bahztura. Specifically, the Magistrate Judge found that as to Defendant ICE, <u>Bivens v. Six Unknown Named Agents of Fed. Bur. Of Narcotics</u>, 403 U.S. 388 (1971) only authorizes suits against federal officials in their individual capacities and not against the United States and federal agencies.

The Magistrate Judge recommended that Defendant ICE be dismissed with prejudice based on the doctrine of sovereign immunity. As to Defendant Pike County Correctional Facility, the Magistrate Judge found that a civil rights action cannot be maintained against it because a prison or correctional facility is not a person that is subject to suit under federal civil rights laws. Thus, the Magistrate Judge recommended that Defendant Pike County Correctional Facility be dismissed with prejudice. As to Defendant Prime Care Medical, Inc., the Magistrate Judge found that Plaintiff failed to state a constitutional claim in that Plaintiff failed to assert that a custom or policy of Defendant Prime Care Medical, Inc., caused an alleged constitutional violation. Thus, the Magistrate Judge recommended that Defendant Prime Care Medical, Inc., be dismissed without prejudice so that Plaintiff could amend his complaint to properly state a claim. Finally, the Magistrate Judge found that Plaintiff sufficiently stated an Eighth Amendment denial of proper medical care claim against Defendant Bahztura and he recommended that Plaintiff be allowed to proceed with his complaint against Defendant Bahztura.

In response to the Report and Recommendation of the Magistrate Judge, Plaintiff requested a "continuance into this matter" in order to allow him time to get counsel (Doc. 7). On May 30, 2013, the Plaintiff was granted an extension of time until August 5, 2013 in which to file objections to the Report and Recommendation of the Magistrate Judge. On July 8, 2013, the Plaintiff wrote to the court to advise that his efforts to get a lawyer proved to be fruitless because he lacked the financial ability to do so (Doc. 9). Plaintiff requested appointment of counsel.

On July 12, 2013, this court entered a Memorandum and Order denying Plaintiff's request for appointment of counsel and extending the time to file objections until August 15, 2013 (Doc. 11). In response to our Memorandum and Order, Plaintiff wrote to the court explaining that while he was literate, he lacked legal training. He

discussed the deficiencies in his civil rights complaint and his regret over the manner in which the complaint was written. Plaintiff again requests the appointment of counsel (Doc. 12). On August 15, 2013, the Plaintiff wrote the court regarding his transfer between prisons and a missing USB drive and legal papers. Plaintiff asks for additional time to "build another Habeas Corpus" and requests the court "to intervene to prevent these powerful defendants from humiliating him" (Doc. 14). On August 26, 2013, Plaintiff filed a document which appears to be an amended complaint which adds new parties and claims (Doc. 15). Attached to this amended complaint are documents in support of his claims.

## II.  Discussion

Because Plaintiff has not filed objections to the Magistrate Judge's Report and Recommendation of May 15, 2013 (Doc. 5), and because we agree with the Magistrate Judge's analysis, we will adopt the Report and Recommendation. Further, for the reasons stated in our Memorandum and Order of July 12, 2013 (Doc. 11), we will deny Plaintiff's second request for appointment of counsel. We note that Plaintiff's filings of August 23, 2013, with supporting documents (Doc. 15) evidence Plaintiff's ability to litigate this action pro se. Finally, we will remand the instant action to the Magistrate Judge for further proceedings. An appropriate Order will follow.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD TARN,
    Plaintiff,

v.

ICE, et al.,
    Defendants.

CIVIL ACTION NO. 3:CV13-1247

(Judge Kosik)

**ORDER**

AND NOW, THIS 28 DAY OF AUGUST, 2013, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated May 15, 2013 (Doc. 5) is **ADOPTED**;

(2) Defendants, ICE, Pike County Correctional Facility and Prime Care Medical, Inc., are **DISMISSED**;

(3) Plaintiff's second request for appointment of counsel (Doc. 12) is **DENIED**; and

(4) The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

/s/ Edwin M. Kosik
Edwin M. Kosik
United States District Judge