IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD TARN, | : | CIVIL ACTION NO. **3:CV-13-1247** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| ICE, et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**I.  BACKGROUND.**

On May 7, 2013, Plaintiff Edward Tarn, an inmate at Pike County Correctional Facility ("PCCF") located in Lords Valley, Pennsylvania, filed, *pro se*, this instant *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331, as well as civil rights action under 42 U.S.C. §1983. (Doc. 1). Plaintiff's form Complaint consists of three (3) hand-written pages. (*Id.*). Also, on May 7, 2013, Plaintiff filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 2). The Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 and 1343(a)(3). On May 15, 2013, we issued a Report and Recommendation recommending that the Court:

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff 's instant action falls, in part, within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action, in part, because Plaintiff alleges a federal official employed by ICE is  violating his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).
 This case is also a §1983 civil rights action, since Plaintiff alleges agencies acting under color of state law deprived him  of his constitutional rights. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).

1. **DISMISS WITH PREJUDICE** Defendant ICE.

2. **DISMISS WITH PREJUDICE** Defendant PCCF.

3. **DISMISS WITHOUT PREJUDICE** Defendant Prime Care Medical, Inc.

4. **ALLOW PLAINTIFF TO PROCEED** Plaintiff's Eighth Amendment denial of medical care claim as against only Defendant Bahztura.

5. **REMAND** this case to the undersigned for further proceedings.

(Doc. 5).

On July 11, 2013, Plaintiff filed a Motion to Appoint Counsel. (Doc. 9). On July 12, 2013, the District Court denied Plaintiff's request seeking the appointment of counsel. (Doc. 11). The Court further granted Plaintiff an extension of time until August 15, 2013 in which to file objections to our Report and Recommendation. (*Id.*). On July 25, 2013, Plaintiff filed a second Motion to Appoint Counsel. (Doc. 12). On August 26, 2013, Plaintiff filed document "Letter with Medical Forms" which appears to be a Complaint and attached eighty-two (82) pages of supplements which are Plaintiff's inmate request forms and grievances regarding his medical condition. (Docs. 15-15-3). On August 28, 2013, the District Court adopted our Report and Recommendation and dismissed ICE, Pike County Correctional Facility and Prime Care Medical, Inc. from the action. (Doc. 16). The Court further denied Plaintiff's second request for appointment of counsel. (*Id.*). The case was remanded to us for further proceedings. (*Id.*). We will now review Plaintiff's August 26, 2013 document "Letter with Medical Forms" which as stated, appears to be a Complaint with eighty-two (82) pages of

supplements which are Plaintiff's inmate request forms and grievances regarding his medical condition which we will construe as an "Amended Complaint." (Docs. 15-15-3).

## A. *BIVENS STANDARD*

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

3

own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

### B. SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability in a civil rights action, both under *Bivens* and under §1983, cannot be imposed upon an official (state and federal) based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a

4

requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode*, 845 F.2d at 1208.

In screening a Complaint under the PLRA, the Court uses the same standard that it uses to determine a Rule 12(b)(6) Motion to Dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

### C. MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

5

Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See *Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## II. AMENDED COMPLAINT ALLEGATIONS.

In his Amended Complaint filed on August 26, 2013, Plaintiff alleges that the Defendants, namely, Matthew Bahztura, Deportation Officer at PCCF, Eric Holder, United States Attorney General, Janet Napolitano, Secretary of the Department of Homeland Security,

6

John Morton, Assistant Secretary of ICE, Thomas Decker, Field Office Director and David Clark, Supervisory Detention and Deportation Officer have violated his Eighth Amendment right to proper medical care. (Doc. 15, pp. 3-5). Plaintiff states that Defendants are being sued individually. (*Id.*).

Plaintiff alleges that he is being held in ICE detention at PCCF. (*Id.*, p. 2). Plaintiff states that he was taken into custody with a hernia in his right groin. (*Id.*). After two to three weeks in detention, Plaintiff started to experience excruciating pain which he reported to medical staff at PCCF. (*Id.*). Plaintiff also avers that he continues to experience excessive pain. (*Id.*). Plaintiff states that he "developed additional medical conditions which ranged from blood from plaintiff penis, slow urine flow, toileting on myself without control every time I went to urinate." (*Id.*, p. 2). Further, Plaintiff alleges that Doctor Wilson, Physician Assistant Mroz of Prime Care, PCCF Officers, a civilian staffer and ICE ignored his consistent complaints about his health conditions since October 2012. (*Id.*).

As relief in his Amended Complaint, Plaintiff requests injunctive relief namely, the phone number of the US Division of Immigration Health Services and contact phone number be placed on bulletin boards within its approved facilities such as PCCF. (*Id.*, p. 26). Additionally, ICE should ensure emergency medical care is available to detainees as indicated in its National Detainee Handbook. (*Id.*). Furthermore, Prime Care Medical should encourage Dr. Wilson to carry out examinations or recommend checkups to verify their complaints. (*Id.*). Additionally, PCCF should review its grievance procedure. Finally, the jail should discontinue having correctional officers observe a sick detainee or patient. (*Id.*, p. 27).

Plaintiff is also seeking financial compensation against Defendants. (*Id.*, p. 28). Plaintiff's twenty-seven (27) page Amended Complaint is rambling and disjointed without clear allegations of Plaintiff's claims. Plaintiff attempts under a section titled "additional complaint to be considered" to raise a claim for a maggot found in his peaches served for lunch at PCCF. Additionally, as in his first Complaint, Plaintiff raises a denial of proper medical care claim against Defendants. It is not clear if Plaintiff is essentially a pre-trial detainee waiting to be removed from the United States by ICE or a convicted person serving a sentence before he can be removed.[2] However, Plaintiff states that he is in the custody of ICE at PCCF and that his deportation officer, Defendant Bahztura, has ignored his medical needs despite the fact that he informed Bahztura of his health issues and that PCCF cannot provide him with care absent ICE's approval.

Plaintiff does not allege with any specificity what the personal involvement of each Defendant was to rise to the level of deliberate indifference. Plaintiff states that Defendant Basztura, Deportation Officer at PCCF, is acting under orders from his superiors including named Defendants, Eric Holder, United States Attorney General, Janet Napolitano, Secretary of

---

[2] If Plaintiff is a convicted inmate at the time his claim occurred serving a prison sentence, Plaintiff's denial of proper medical care claim is covered by the Eighth Amendment, not by the Fourteenth Amendment. The Fourteenth Amendment applies only to pre-trial detainees alleging denial of proper medical care and claims of cruel and unusual punishment, while convicted inmates are afforded protection from cruel and unusual punishment under the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010)(court stated that if the inmate is a pre-trial detainee, his cruel and unusual punishment claim falls under the Fourteenth Amendment, but the Eighth Amendment standard is utilized); *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) (citing *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 43-45, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983)).

the Department of Homeland Security, John Morton, Assistant Secretary of ICE, Thomas Decker, Field Office Director and David Clark, Supervisory Detention and Deportation Officer. (*Id.*, pp. 27-28). Plaintiff does not allege any specific further involvement of the named Defendants. Mere negligence is not sufficient to rise to the level of deliberate indifference to medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The doctrine of *respondeat superior* is not an acceptable basis for liability under Section 1983. *See Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976). Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976).

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[3] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff,

---

[3] In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, Plaintiff's complaint is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining. Accordingly, Plaintiff will be directed to file a second amended complaint.

Plaintiff is also reminded that the second "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The second amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file a second

amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

AND NOW, this 18th day of **September**, 2013, **IT IS HEREBY ORDERED THAT:**

1. The plaintiff shall file a second amended complaint within **fifteen (15) days** of the date of this Order.

2. The second amended complaint shall properly allege a claim under 42 U.S.C. § 1983 and 28 U.S.C. §1331.

3. The second amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Second Amended Complaint".

4. The second amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).

5. Failure to timely file a second amended complaint may result in a recommendation that this action be dismissed.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: September 18, 2013