IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| EDWARD TARN, | : | CIVIL ACTION NO. **3:CV-13-1247** |
|---|---|---|
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| ICE, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.   BACKGROUND.**

On May 7, 2013, Plaintiff Edward Tarn, an inmate at Pike County Correctional Facility ("PCCF") located in Lords Valley, Pennsylvania, filed, *pro se*, this instant *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331, as well as civil rights action under 42 U.S.C. §1983.   (Doc. 1). Plaintiff's form Complaint consists of three (3) hand-written pages. (*Id.*). Also, on May 7, 2013, Plaintiff filed a Motion for Leave to proceed *in forma pauperis*.  (Doc. 2).  The Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C.  § 1331 and 1343(a)(3).  On May 15, 2013, we screened Plaintiff's Complaint in  accordance with § 1915 of the PLRA and issued a Report and

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff 's instant action falls, in part, within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).  This case is a *Bivens* action, in part, because Plaintiff alleges a federal official employed by ICE is  violating his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).
    This case is also a §1983 civil rights action, since Plaintiff alleges agencies acting under color of state law deprived him  of his constitutional rights. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).

Recommendation recommending the following to the Court:

1. **DISMISS WITH PREJUDICE** Defendant ICE.

2. **DISMISS WITH PREJUDICE** Defendant PCCF.

3. **DISMISS WITHOUT PREJUDICE** Defendant Prime Care Medical, Inc.

4. **ALLOW PLAINTIFF TO PROCEED** Plaintiff's Eighth Amendment denial of medical care claim as against only Defendant Bahztura.

5. **REMAND** this case to the undersigned for further proceedings.

(Doc. 5, p. 13).

On July 11, 2013, Plaintiff filed a Motion to Appoint Counsel. (Doc. 9). On July 12, 2013, the District Court denied Plaintiff's request seeking the appointment of counsel. (Doc. 11). The Court further granted Plaintiff an extension of time until August 15, 2013 in which to file objections to our Report and Recommendation. (*Id.*). On July 25, 2013, Plaintiff filed a second Motion to Appoint Counsel. (Doc. 12). On August 26, 2013, Plaintiff filed document "Letter with Medical Forms" which appears to be an Amended Complaint and attached eighty-two (82) pages of supplements which are Plaintiff's inmate request forms and grievances regarding his medical condition. (Docs. 15-15-3). On August 28, 2013, the District Court adopted our Report and Recommendation and dismissed ICE, Pike County Correctional Facility and Prime Care Medical, Inc. from the action. (Doc. 16). The Court further denied Plaintiff's second request for appointment of counsel. (*Id.*). The case was remanded to us for further proceedings. (*Id.*).

On September 18, 2013, we reviewed Plaintiff's inmate request forms and grievances regarding his medical condition which we construed as an "Amended Complaint." (Docs. 15-15-

3). We issued a Memorandum and Order as follows:

> 1. The plaintiff shall file a second amended complaint within **fifteen (15) days** of the date of this Order.
>
> 2. The second amended complaint shall properly allege a claim under 42 U.S.C. § 1983 and 28 U.S.C. §1331.
>
> 3. The second amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Second Amended Complaint".
>
> 4. The second amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).
>
> 5. Failure to timely file a second amended complaint may result in a recommendation that this action be dismissed.

(Doc. 20).

On October 23, 2013, we granted Plaintiff an extension of time in which to file a second amended complaint until November 8, 2013. (Doc. 24).

**II.     AMENDED COMPLAINT ALLEGATIONS**.

In his Amended Complaint filed on August 26, 2013, Plaintiff alleges that the Defendants, namely, Matthew Bahztura, Deportation Officer at PCCF, Eric Holder, United States Attorney General, Janet Napolitano, Secretary of the Department of Homeland Security, John Morton, Assistant Secretary of ICE, Thomas Decker, Field Office Director and David Clark, Supervisory Detention and Deportation Officer have violated his Eighth Amendment right to proper medical care. (Doc. 15, pp. 3-5).   Plaintiff states that Defendants are being sued individually. (*Id*.).

Plaintiff alleges that he is being held in ICE detention at PCCF. (*Id*., p. 2). Plaintiff states that

he was taken into custody with a hernia in his right groin. (*Id*.). After two to three weeks in detention, Plaintiff started to experience excruciating pain which he reported to medical staff at PCCF. (*Id*.). Plaintiff also avers that he continues to experience excessive pain. (*Id*.). Plaintiff states that he "developed additional medical conditions which ranged from blood from plaintiff penis, slow urine flow, toileting on myself without control every time I went to urinate." (*Id*., p. 2). Further, Plaintiff alleges that Doctor Wilson, Physician Assistant Mroz of Prime Care, PCCF Officers, a civilian staffer and ICE ignored his consistent complaints about his health conditions since October 2012. (*Id*.).

As relief in his Amended Complaint, Plaintiff requests injunctive relief namely, the phone number of the US Division of Immigration Health Services and contact phone number be placed on bulletin boards within its approved facilities such as PCCF. (*Id*., p. 26). Additionally, ICE should ensure emergency medical care is available to detainees as indicated in its National Detainee Handbook. (*Id*.). Furthermore, Prime Care Medical should encourage Dr. Wilson to carry out examinations or recommend checkups to verify their complaints. (*Id*.). Additionally, PCCF should review its grievance procedure. Finally, the jail should discontinue having correctional officers observe a sick detainee or patient. (*Id*., p. 27).

Plaintiff is also seeking financial compensation against Defendants. (*Id*., p. 28). Plaintiff's twenty-seven (27) page Amended Complaint is rambling and disjointed without clear allegations of Plaintiff's claims. Plaintiff attempts under a section titled "additional complaint to be considered" to raise a claim for a maggot found in his peaches served for lunch at PCCF. Additionally, as in his first Complaint, Plaintiff raises a denial of proper medical care claim against

Defendants. It is not clear if Plaintiff is essentially a pre-trial detainee waiting to be removed from the United States by ICE or a convicted person serving a sentence before he can be removed.[2] However, Plaintiff states that he is in the custody of ICE at PCCF and that his deportation officer, Defendant Bahztura, has ignored his medical needs despite the fact that he informed Bahztura of his health issues and that PCCF cannot provide him with care absent ICE's approval.

Plaintiff does not allege with any specificity what the personal involvement of each Defendant was to rise to the level of deliberate indifference. Plaintiff states that Defendant Basztura, Deportation Officer at PCCF, is acting under orders from his superiors including named Defendants, Eric Holder, United States Attorney General, Janet Napolitano, Secretary of the Department of Homeland Security, John Morton, Assistant Secretary of ICE, Thomas Decker, Field Office Director and David Clark, Supervisory Detention and Deportation Officer. (*Id.*, pp. 27-28).

## III. DISCUSSION.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). In the instant case, Plaintiff has failed to prosecute his action, has failed to comply with

---

[2] If Plaintiff is a convicted inmate at the time his claim occurred serving a prison sentence, Plaintiff's denial of proper medical care claim is covered by the Eighth Amendment, not by the Fourteenth Amendment. The Fourteenth Amendment applies only to pre-trial detainees alleging denial of proper medical care and claims of cruel and unusual punishment, while convicted inmates are afforded protection from cruel and unusual punishment under the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010)(court stated that if the inmate is a pre-trial detainee, his cruel and unusual punishment claim falls under the Fourteenth Amendment, but the Eighth Amendment standard is utilized); *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) (citing *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 43-45, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983)).

the Orders of this Court by his failure to timely file a second amended complaint as directed. Plaintiff has taken no action with respect to his case since October 13, 2013, when he filed a letter requesting an extension due to the delayed receipt of the September 18, 2013 Memorandum and Order. (Doc. 23). In our October 23, 2013 Memorandum and Order, we granted Plaintiff leave to file his second amended complaint on or before November 8, 2013. Plaintiff has not done so to date which is approximately one month after the Court's November 8, 2013 deadline.

The behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's October 23, 2013 Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that the consequences of his failure to prosecute his case were clearly known to him. *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.). Therefore, we shall recommend that this case be dismissed without prejudice under Rule 41(b) due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's October 23, 2013 Order. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Because we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where

Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> The factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. His inaction points to no other logical conclusion.

*Id*.

However, out of an abundance of caution, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying his case is attributed to him personally. Plaintiff was required to have filed his second amended Complaint by November 8, 2013. (Doc. 24). However, Plaintiff has not properly filed any response as directed by the November 8, 2013 Court Order, and also he has given no indication that he intends to pursue his action.

We find that Plaintiff has caused prejudice to Defendants since they have been named in a

federal lawsuit.  We now find that Plaintiff's present conduct in failing to prosecute his May 7, 2013 case is evidence of dilatoriness, especially since this case cannot proceed without his compliance with the Court's Order.

Plaintiff was advised by the Court that he had until November 8, 2013 in order to file a second amended Complaint, as it is beyond that date, we shall now recommend that his case be dismissed without  prejudice in accordance with Rule 41(b).  As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order.  Because  we shall recommend that Plaintiff's case be dismissed without prejudice and because Plaintiff is proceeding *in forma pauperis*, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's Order demonstrates he has abandoned his case.

IV.     **RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that, in accordance with Rule 41(b), this case be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's Order and failure to prosecute his action. Further, we recommend that Plaintiff's *in forma pauperis* motion (**Doc. 2**) be granted solely with respect to the filing of this action.

      s/ Thomas M. Blewitt
      **THOMAS M. BLEWITT**
      **United States Magistrate Judge**

**Dated: December 4, 2013**

| EDWARD TARN, | : | CIVIL ACTION NO. **3:CV-13-1247** |
|---|---|---|
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ICE, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 4, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                             **s/ Thomas M. Blewitt**
                                                             **THOMAS M. BLEWITT**
                                                             **United States Magistrate Judge**

**Dated: December 4, 2013**